[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: POST JUDGMENT MOTION FOR MODIFICATION OF CHILD SUPPORT MOTION # 115
By motion dated July 26, 1999 the plaintiff sought to modify the amount of child support she was receiving from the defendant in connection with two minor children ages 17 and 15. The marriage of the parties was dissolved on October 29, 1993 and the court at that time entered an order for child support in the amount of $25.00 per week. Thereafter the parties would modify CT Page 2936 the amount of child support based upon financial information supplied to the plaintiff by the defendant. The court was not involved in the modifications agreed to by the parties.
On or about May 31, 1999 the defendant furnished to the plaintiff a proposed agreement which he had signed stating that he would pay child support in the amount of $268.00 per week. He further indicated that he had calculated the amount based on the parties 1998 tax information and the State of Connecticut Basic Child Support Guidelines. (Plaintiff's Ex. 6) The plaintiff did not agree with the defendant's proposal, retained counsel and the instant motion followed.
The parties and their respective counsel appeared before the court at short calendar on November 30, 1999. Counsel presented the court with financial affidavits of the parties and the defendant offered brief testimony of a financial nature. Because the matter involved complex financial information the court made certain orders concerning the financial issues and the exchange of information with respect to child support as determined by the parties respective accountants.
The matter was specially assigned for a hearing on January 26, 2000 when counsel appeared with their respective parties and their accountants. The court, having heard the testimony of the witnesses and reviewed the exhibits makes the following findings of fact.
 FINDINGS OF FACT
1. The plaintiffs gross income for the calendar year 1998 amounted to $73,038.00 consisting of W-2 compensation of $63,511.00 and an employer profit sharing contribution of $9,527.00. The defendant did not dispute this amount.
2. The defendant derives his income from the rendering of architectural services. He operates his business as a Connecticut Limited Liability Company under the name "Sevigny Architects LLC". He is the sole owner of said business. For calendar year 1998 the defendant filed a tax return for the business utilizing the appropriate tax form "1065 U.S. Partnership Return of Income". (Plaintiff's Ex.2) The amount of ordinary income shown on the return was $246,211.00. Schedule K of the return entitled "Partners Shares of Income, Credits, Deductions, etc." reflected the same amount as net earnings from self-employment. This amount CT Page 2937 was carried over to his personal return for the same year and reported on Schedule E of his form 1040. (Plaintiff's Ex. 4) The defendant was entitled to another expense deduction of $14,760.00 resulting in taxable income of $225,654.00.
3. The plaintiff's accountant calculated the defendant's 1998 income for child support purposes to be $319,454.00. In arriving at this amount the accountant claimed that certain business expenses should not have been deducted by the defendant for tax purposes. The court disagrees. The defendant had his tax return prepared by a certified public accountant and the expenses are fair and reasonable for the type of services the defendant renders. It should be noted that the defendant's gross receipts for the year amounted to $747,191.00. Since the defendant is in the personal service business it is unlikely he could generate this amount of gross receipts without expenditures for travel, entertainment and the like.
4. The defendant's accountant claimed that the child support guidelines should be based solely on the amount distributed to the defendant during the year. This amount was $145,436.00. Further he claimed that a further reduction of $60,500.00 should be allowed the defendant for the amount the defendant used from his distributions to buy an office building under the name "Lewis Street Three, LLC". (Plaintiff's Exhibits 1 and 3 and Defendant's Exhibits A and B) This latter business is wholly owned by the defendant. Defendant's counsel argued that the defendants' income amounted to $1,593.00 per week for child support purposes. The court rejects both arguments. While the purchase of the building may well have been a good economic decision by the defendant he should not be allowed to deduct this amount from his gross income.
5. The defendant's gross income for calendar year 1998 amounted to $225,624.00. (Plaintiffs Ex. 4) The plaintiffs gross income for the same period amounted to $73,038.00.
 ORDERS
1. Child support shall be modified retroactively to October 1, 1999 pursuant to the agreement of the parties as set forth in Defendant's Exhibit C which was made an order of the court.
2. The parties are ordered to exchange their personal income tax returns for calendar year 1999 by April 15, 2000. Thereafter, CT Page 2938 either party may request the court for a further modification if there is a substantial change in their respective financial circumstances.
3. Counsel for the parties are ordered to submit to the court within two weeks from the date this memorandum is filed child support guidelines worksheets using the gross income as found and the court will issue the appropriate order.
John R. Caruso, J.